## Case No. 13,336.

STEAM STONE CUTTER CO. v. WINDSOR MANUF'G CO. et al.

[18 Blatchf. 47; 5 Ban. & A. 335.] [1]

Circuit Court, D. Vermont. April 15, 1880.

PATENTS— DAMAGES—PROFITS—INTEREST—INJUNCTION.

1. The master's former report as to profits in this case [Case No. 13,335] reviewed and confirmed.

2. Interest allowed on profits.

3. The question reserved as to an injunction beyond the term of the patent as to machines made during the term.

In equity.

Prout & Walker, for complainant.

Edward J. Phelps, for defendants.

WHEELER, District Judge. This cause [Case No. 13,335] has now been further heard upon the additional report of the master filed therein, and exceptions to that report. The report does not specifically answer what was submitted to the master in the order of recommitment, but what is reported covers the whole ground which before was wanting and in doubt. The former report showed the entire cost of the eleven machines sold, in specific expense for labor and materials actually employed upon the machines themselves, and in miscellaneous and general outlay, and showed what the bow-spring, on which the defendants have a patent, brought above its cost, but did not show what its cost was, so that the cost of making and selling the defendants' invention could be deducted from the cost of making and selling the whole, so as to show the distinct cost of making and selling the orator's. That want is now supplied, and it appears that, in the opinion of the master, the bow-spring cost, in actual labor and material, $135.19, and in general and miscellaneous expenses allowed, $114.81, making $250 for each machine.

In connection with the former report it now appears that the whole of the eleven machines cost..... $39,575 81
That the bow-spring cost......... 2,750 00

Leaving the cost of parts embodying orator's invention........... $36,825 81

That the whole eleven machines brought ...................... $58,500 00
Of which the bow-spring brought.. 11,000 00

Leaving due to the parts containing orator's invention .............. $47,500 00
Deducting the costs of these parts 36,825 81

And there remains net profit...... $10,674 19
To this is to be added profits on repairs ........................ 1,732 00
And profits on cutting done........ 810 03

Which make .................... $13,216 22

—Net profits in the hands of the defendant the Windsor Manufacturing Company, October 1st, 1870, received solely from the sale and use of the orator's patented invention. On that sum interest is to be cast to the date of this decree, April 6th, 1880, as has been before shown in this cause. This interest is $7,544.25, making $20,760.47, for which, according to the reports, the orator is entitled to a decree, as of this day.

The exceptions of the orator raise the question as to whether the master has allowed enough for the cost of the bow-spring, and whether a part of the cost of the boiler, and other things on which there is no patent, should be set to the bow-spring. The positions and argument of the defendants' counsel are mainly relied upon in support of these exceptions, and in some views more appears to be conceded than the master has allowed. But, after all, these are purely questions of fact and of inferences from facts. What part of the whole price the bow-spring brought can only be inferred; it cannot be exactly computed. The questions as to cost rest largely in the same way. In determining these questions. the same views should be held throughout as to similar subjects. If alterations should be made in one part it might be necessary to alter others to correspond. There is no good reason apparent for revising the whole report, nor for revising any part in view of the whole. The master has once heard and determined the case as a whole, and made a report harmonizing all its parts. He has now stated a part which he did not before state, but has not disturbed any of his former findings. It is, doubtless, more safe for the court not to undertake to disturb them.

The orator has moved that the final decree for an injunction be extended beyond the term of the patent, as to machines made during the term; and the parties have been heard upon that motion. The patent bears date November 10th, 1863, and will expire November 10th, 1880. The injunction is, in form, perpetual now, and there is nothing that can be added to that. There may not be any such machines at the expiration of the patent. If there are, and the defendants desire to raise this question. they can move to have the injunction discharged or limited. If the defendants undertake to use or sell them, and the orator desires to question their right, it can then be done by proper proceedings. Till then the question will not necessarily arise, and it is not now decided, but is denied without prejudice.

The exceptions are overruled, the reports are accepted and confirmed, and a decree is thereupon ordered, that the defendant the Windsor Manufacturing Company forthwith pay to the orator $20,760.47, with costs to be taxed. and for execution therefor.

[For a hearing on a motion for an attachment for contempt. in which the motion was denied, see 3 Fed. 298. For other cases involving this patent, see Cases Nos. 13,331 and 13,334.]

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge. reprinted in 5 Ban. & A. 335; and here republished by permission.]